# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### HARRISONBURG DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

MAY 20 2009

JOHN F. CORCORAN, CLERK
BY: /s/ K. Bolton
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 5:09cr00009 |
| v. ) | |
| ) | **REPORT AND** |
| ) | **RECOMMENDATION** |
| BRAULIO CRUZ-VASQUES, ) | |
| ) | By:  Hon. James G. Welsh |
| *Defendant* ) | U.S. Magistrate Judge |
| ) | |

The Grand Jury previously returned a three-count Indictment charging in **Count One** that on or about October 16, 2008 this defendant, then being an alien illegally and unlawfully in the United States, did knowingly possess in and affecting commerce a firearm, that is, a Haskell, model JS-45, .45 caliber pistol, and a Charter Arms, model Bulldog, .44 caliber pistol, which firearms had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2); charging in **Count Two** that on or about December 23, 2008 this defendant, then being an alien illegally and unlawfully in the United States, did knowingly possess in and affecting commerce a firearm, that is, a Highpoint, model JC, .40 caliber pistol, and a Beretta, model 92F compact, 9 mm pistol, and a Cobra, model FS380, .380 caliber pistol, and a Lorcin, model L380, .380 caliber pistol, which firearms had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2); and in **Count Three** that on or about January 6, 2009 this defendant, then being an alien illegally and unlawfully in the United States, did knowingly possess in and affecting commerce a firearm, that is, a Ruger, model P94DC, 9 mm pistol, and an Intratec, model AB-10, 9 mm pistol, which firearms

had been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(5) and 924(a)(2)

The defendant was previously arraigned and entered pleas of Not Guilty to these charges. The defendant having now indicated an intent to change his plea to one of these charges, this case was referred to the undersigned for the purpose of conducting a plea hearing in accordance with the provisions of 28 U.S.C. § 636(b)(3).

Pursuant thereto, a plea hearing was held on May 18, 2009. The defendant was at all times present in person and with his counsel, Joel C. Hoppe, Assistant Federal Public Defender; the United States was represented by Jeb Terrien, Assistant United States Attorney. The proceedings were recorded by a court reporter. *See* Rule 11(g). And the defendant was provided with the assistance of a Spanish language interpreter *See* Rule 28. With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written proffer of evidence for the purpose of establishing an independent basis for the plea, and the defendant entered a plea of guilty to the felony offense charged in Count One of the Indictment.

## DEFENDANT'S RESPONSES TO RULE 11 INQUIRY

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and

2

Case 5:09-cr-00009-SGW-JGW   Document 25   Filed 05/20/09   Page 2 of 12   Pageid#: 49

that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is Braulio Cruz-Vasques; he is s twenty-eight (28) years of age; he attended school through the eighth or ninth grade in Mexico, and his understanding of English is limited; however, he testified that he was able to understand and participate fully in the proceeding with the assistance of the Spanish language interpreter. He testified that he had no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding, that he was using no alcoholic beverage, medication or drugs which might impair his ability to participate fully in the proceeding, that his mind was clear, and that he understood he was in court for the purpose of entering a plea of guilty to a felony offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to change his plea and to enter a plea of guilty.

The defendant acknowledged that he had received a copy of the Indictment and that it had been fully translated and read to him. He stated that he had discussed the charges with his attorney and had been given enough time to do so. He stated that he understood the nature of the three charges and understood each was a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed any possible defenses with his attorney and that he had been given adequate time to prepare any defenses he might have to the charges. He also stated that his decision to enter a plea of guilty to one of the charges had been made after consulting with his attorney, that he was fully

satisfied with the services of his attorney, and that it was his intention and desire to change his prior plea and to enter a plea of guilty to the charge pending against him in Count One.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

The attorney for the government informed the court that the defendant's proposed plea was being made pursuant to a written plea agreement. *See* Rule 11(c)(2). By counsel, the government's understanding of the plea agreement was then stated in some detail: including the agreement for the defendant to plead guilty to Count One of the Indictment [¶ A.1.]; the terms of the government's agreement to dismiss the remaining count of the Indictment at the time of sentencing [¶ A.3]; the defendant's express acknowledgment of the possible maximum statutory penalty for violation of 18 U.S.C. §§ 922(g)(5) and 924(A)(2) [¶ A.1.]; the defendant's consent to forfeiture of contraband and other seized property [¶¶ C. and D.5.]; his express understanding that he may be subject to deportation [¶ D.6.]; his understanding that he could be required to pay restitution and that his assets may be subject to forfeiture [¶¶ A.1.]; the defendant's express admission of his factual guilt to the offense charged in Count One of the Indictment [¶ A.1.]; the defendant's obligation to pay a $100.00 special assessment [¶ B.3.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶ A.2.]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and

4

the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1.]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1.]; the defendant's recognition that the government would object to any sentence below the guideline range [¶B.1.]; the agreement's acceptance of responsibility provision [¶ B.2.]; the defendant's financial disclosure obligation [¶ B.3.b.]; the defendant's express waiver of his right to appeal for any reason whatsoever [¶ D.1.]; the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶ D.2.]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶ D.3.]; the defendant's express acceptance of the terms of the agreement and its binding effect [¶F.2.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(N) and 11(c)(1)–(3).

After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same, and he further represented that he had reviewed each of the terms of the plea agreement with the defendant and was satisfied that the defendant understood all of its terms.

The defendant was then shown the original of the plea agreement and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty in this case and that no one had attempted in any way to force him to plead guilty in this case. After looking at his signature on the Plea Agreement, the defendant acknowledged it to be his signature and that

it represented his entry into a binding contractual agreement [*See* ¶ F.2.]. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best statement of its terms, and as such it "speaks for itself."

After counsel for the government outlined the range of punishment for the offense charged in Count One of the Indictment, the defendant acknowledged that the maximum penalty provided by law for conviction of the felony set forth in Count One of the Indictment is confinement in a federal penitentiary for ten (10) years, a $250,000.00 fine, and term of supervised release after completion of any term of incarceration.[1] *See* Rule 11(b)(H). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the

---

[1] The defendant also expressly acknowledged that at sentencing the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to an immigration official for that deportation. *See* 18 U.S.C. § 3582(d).

6

Case 5:09-cr-00009-SGW-JGW   Document 25   Filed 05/20/09   Page 6 of 12   Pageid#: 53

offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and may require him to forfeit certain property to the government. *See* Rule 11(b)(1)(J)–(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range and possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew

7

any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his the presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt, his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense, his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense, and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)– (E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty because he was in fact guilty of the illegal possession of the firearms as described in Count One of the Indictment.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing a written Statement of Facts which summarized the facts that the government was prepared to prove at trial. After confirming that this

8

Case 5:09-cr-00009-SGW-JGW   Document 25   Filed 05/20/09   Page 8 of 12   Pageid#: 55

written statement had been fully reviewed with the defendant and signed by him, both he and his attorney agreed that it fairly summarized the evidence that the government was prepared to introduce against him at trial. *See* Rule 11(b)(3). It was then received, filed, and made a part of the record.

After testifying that he had heard and understood all parts of the proceeding, the defendant consulted with his attorney, voluntarily waived a reading of the Indictment and entered a plea of GUILTY to Count One alleging his violation of Title 8, United States Code, Sections 922(g)(5) and 924(a)(2). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after a independent basis for the plea was established, the defendant was again addressed personally, and he reconfirmed that his decision to plead guilty was fully voluntary on his part and that it did not result from any force, threats, promises of leniency or other inducement of any kind (other than that expressly set forth in the plea agreement). *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal

pending sentencing.

## GOVERNMENT'S EVIDENCE

The agreed written Statement of Facts is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Indictment;

2. The defendant is fully aware both of the nature of the charge set forth in Count One of the Indictment and of the consequences of his guilty plea;

3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(N);

4. The defendant's plea of guilty was made pursuant to a written plea agreement;

5. The plea agreement complies with the requirements of Rule 11(c)(1);

6. The defendant's tender of a plea of guilty was made with the advice and assistance of counsel;

7. The defendant knowingly and voluntarily entered a plea of guilty to Count One of the Indictment;

8. The defendant's plea of guilty is fully voluntary and did not result from force, threats,

10

promises, or inducements of any kind; and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant pleaded guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Count One of the Indictment, that he be adjudged guilty of the offense, ands that a sentencing hearing be set at a time convenient with the presiding district judge.

## NOTICE TO PARTIES

Notice is hereby given to the provisions of 28 U.S.C. § 636(b)(1(C): Within ten (10) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within ten (10) days could waive appellate review.**

At the conclusion of the ten-day period, the Clerk is directed to transmit the record in this matter to the presiding United States district judge, and the clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record.

DATED: 19th day of May 2009.

/s/ *James G. Welsh*
U.S. Magistrate Judge